FILED

2010 APR 16 A 8: 43

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| AMY ANASTASION ) | Civil Action no. 3:10MC-11-J-32MCR |
| Plaintiff, ) | |
| ) | (Subpoena served in Case No. 08-000180 |
| ) | Pending in the United States District Court, |
| v. ) | District of Utah) |
| ) | |
| CREDIT SERVICE OF LOGAN, INC. dba ) | |
| ALLIED COLLECTION SERVICE, ) | |
| BRITTANY APPARTMENTS, LLC ) | |
| ) | |
| Defendants. ) | |

## MOTION TO QUASH SUBPOENA TO ONLINE DATA EXCHANGE LLC

Non-party Online Data Exchange LLC ("OLDE") moves this Court pursuant to Rules 45 and 26 of the Federal Rules of Civil Procedure to quash the subpoena (the "Second Subpoena") issued on March 19, 2010, seeking to require OLDE to produce documents and a representative to testify about confidential financial information and trade secrets of OLDE and for a protective order. The Second Subpoena was served on OLDE on March 31, 2010, and a true and correct copy is attached hereto as Exhibit "A". The Second Subpoena was issued by counsel for Plaintiff Amy Anastasion in connection with *Anastasion v. Credit Service of Logan, Inc.*, Civil Action No.08-000180, pending in the United States District Court for the District of Utah ("the Anastasion Litigation"). OLDE sought repeatedly to contact Plaintiff's counsel to confer regarding the Second Subpoena, but Plaintiff ignored OLDE's contacts, thus putting OLDE to the trouble and expense of filing this Motion to Quash. OLDE thus seeks its reasonable fees

910954R.2

incurred in connection with this Motion pursuant to Federal Rules of Civil Procedure 26(c)(3). In support of this motion, OLDE shows this Court the following:

## RELEVANT FACTUAL BACKGROUND

Plaintiff filed the Anastasion Litigation in March 2008. According to the Amended Scheduling Order in the case, the close of all discovery was March 15, before the Second Subpoena was issued by this Court. (Declaration of Joshua A. Mayes, attached hereto as Exhibit "A" at ¶ 8, Ex. 7.)

Plaintiff had previously served a subpoena on OLDE in August of 2009 (the "First Subpoena"). (*Id.* ¶ 2, Ex. 1.) The First Subpoena and the Second Subpoena are substantially similar in substance. (*Id.* Exs. 1, 4.)

OLDE produced documents responsive to the First Subpoena on September 4, 2009, after negotiations regarding the scope of OLDE's response between counsel for OLDE and counsel for Plaintiff, Ronald Ady. (*Id.* ¶ 3, Ex. 2.) Mr. Ady made no further contact with OLDE or OLDE's counsel for nearly six months. (*Id.* ¶ 4.) At that time, on February 24, 2010, Mr. Ady sent an email to counsel for OLDE challenging the completeness of OLDE's response to the First Subpoena. (*Id.* ¶ 4, Ex. 3.) Counsel for OLDE responded the next day, explaining that Mr. Ady's challenge was based on his misunderstanding of the documents already produced. (*Id.* ¶4, Ex. 3.) Mr. Ady never responded to that email. (*Id.* ¶ 4.)

Instead, on March 31, 2010, more than a month later, Mr. Ady served the Second Subpoena, which sought production of documents on April 14 and a 30(b)(6) deposition on April 16. (*Id.* ¶ 5, Ex. 4.) Counsel for OLDE first attempted to contact Mr. Ady that same day, leaving him a voicemail and sending an email, to discuss OLDE's concerns about the Second

2

9109548.2

Subpoena. (*Id.* ¶ 6, Ex. 5.) Counsel for OLDE followed up on April 2, 2010. (*Id.* ¶ 6.) Mr. Ady did not respond to counsel's voicemails or emails. (*Id.* ¶ 6.)

On April 7, 2010, counsel for OLDE sent Mr. Ady a final email warning him that OLDE would be forced to file a motion for a protective order if he continued to ignore counsel's requests to discuss the subpoena. (*Id.* ¶ 7, Ex. 6.) Mr. Ady did not respond to that email. (*Id.* ¶ 7.)

## ARGUMENT AND CITATION OF AUTHORITIES

Rule 45(c)(3)(B)(i) allows a court to quash a subpoena if it "requires disclosing a trade secret or other confidential . . . information." Also, courts must quash subpoenas when they "fail[] to allow a reasonable time to comply." Fed. R. Civ. P. 45(c)(3)(A)(i). Furthermore, courts can and do limit a party's discovery requests "to protect a party . . . from annoyance, embarrassment, oppression or undue burden or expense . . . ." Fed. R. Civ. P. 26(c). In such cases, a court can order that the discovery not be had, Fed. R. Civ. P. 26(c)(1), or that the scope of the discovery be limited, Fed. R. Civ. P. 26(c)(4).

In this case, Plaintiff has served a subpoena on a non-party seeking production of confidential financial information and trade secrets. Moreover, given that OLDE previously produced documents responsive to the First Subpoena in accordance with counsels' negotiations, the Second Subpoena is duplicative, burdensome and unreasonable. Plaintiff has made no allegations that would support a finding of relevance, let alone compelling need, for OLDE's confidential financial information or trade secrets in connection with Plaintiff's asserted claims. Thus, Plaintiff's requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. In addition, Plaintiff's subopena is unreasonable

and improper given that the Utah court had ordered fact discovery to be completed by March 15, 2010, before the Second Subpoena was even issued, let alone served on OLDE. Plaintiff's failure to consult with OLDE's counsel to schedule deposition dates and failure to respond to repeated requests for discussion renders the response time unreasonable. For all these reasons, the Second Subpoena should be quashed and a protective order issued.

Finally, given Plaintiff's refusal to even respond to counsel for OLDE's repeated efforts to discuss these issues without the need for court intervention, Plaintiff should be sanctioned pursuant to Federal Rules of Civil Procedure 26(c)(3) and 37(a)(5) and OLDE should be awarded its expenses incurred in connection with this motion.

## CONCLUSION

For the reasons set forth in herein, OLDE respectfully requests that this Court enter an order quashing Plaintiff's subpoena and awarding OLDE its attorneys' fees and expenses as a sanction.

Dated: April 15, 2010

SUTHERLAND ASBILL & BRENNAN LLP

_____
Amelia Toy Rudolph
(Fl. Bar No. 57015)
Joshua A. Mayes
(Fl. Bar No. 52333)
999 Peachtree Street, N.E.
Suite 2300
Atlanta, Georgia 30309
Telephone: (404) 853-8000
Amelia.rudolph@sutherland.com
Joshua.mayes@sutherland.com
*Attorneys for Online Data Exchange LLC*

4

9109548.2

## RULE 26(C) CERTIFICATION

I hereby certify that I have in good faith attempted to confer with other affected parties in an effort to resolve this dispute without court action.

SUTHERLAND ASBILL & BRENNAN LLP

By: _____
Joshua A. Mayes
Florida Bar No. 52333

999 Peachtree Street, NE
Atlanta, Georgia  30309-3996
(404) 853-8055
(404) 853-8806 (Fax)

5

9109548.2

## CERTIFICATE OF SERVICE

I hereby certify that I have caused the foregoing **Motion to Quash Subpoena to Online Data Exchange LLC** to be served by first class mail addressed as follows:

> Ronald Ady
> Ronald Ady, PLLC
> 8 E. Broadway, Suite 725
> Salt Lake City, UT 84111

This 15th day of April, 2010.

                            SUTHERLAND ASBILL & BRENNAN LLP

                            By: _____
                                 Joshua A. Mayes
                                 Florida Bar No. 52333

999 Peachtree Street, NE
Atlanta, Georgia 30309-3996
(404) 853-8055
(404) 853-8806 (Fax)

9109548.2